IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,  :  Case No. 3:09-cr-165
            3:99-cr-078
            3:00-cr-078

           Also 3:16-cv-069
            3:20-cv-285
            3:20-cv-286

           District Judge Walter H. Rice
- vs -         Magistrate Judge Michael R. Merz

MICKEY FUGATE,

    Defendant.  :

## DECISION AND ORDER CLARIFYING THE STATUS OF THE CASE AND DENYING APPOINTMENT OF COUNSEL

  This criminal case is before the Court on Defendant's *pro se* filing docketed July 13, 2020 (ECF No. 129). Fugate apparently sent this document directly to District Judge Rice who then forwarded it to the Clerk and the Clerk has docketed it as a Motion to Vacate under 28 U.S.C. § 2255 in accordance with Judge Rice's instructions.

  However, Fugate has already filed a Motion to Vacate under 28 U.S.C. § 2255 which he sent directly to the Clerk (ECF No. 127). That document raises the same claim made in this new filing, to wit, that Fugate is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). The Magistrate Judge has already filed a Report and Recommendations finding that this prior

filing, effectively made on June 22, 2020, is timely and not a second or successive § 2255 motion requiring circuit court permission to proceed, but without merit under *Davis* (Report, ECF No. 128). That Report was filed and served on June 25, 2020, and Fugate was notified that the deadline for any objections was seventeen days after service which is the date of this Order; no objections have yet been received by the Clerk, although they may have been mailed. *Id.* at PageID 1067.

In the body of his most recent filing, Fugate asks the Court to appoint counsel to assist him with his § 2255 proceeding. By General Order 20-13, Chief Judge Marbley instructed the Federal Defender for this District to create a list of persons who had been convicted under 18 U.S.C. § 924(c), review their cases for possible application of Davis, and then have the Criminal Justice Act panel chairs for each seat of court appoint counsel as appropriate. Fugate was not referred to Magistrate Judge Ovington under General Order 20-13. Defendants are not entitled to appointment of counsel under 18 U.S.C. § 3006A for § 2255 proceedings unless the Court sets an evidentiary hearing. Fugate's Motion to Vacate raises only legal questions which do not require an evidentiary hearing for resolution. For the reasons given in the Report, he is not entitled to relief.

Fugate's request for appointment of counsel is denied. His objections, if any, to the pending Report are required to be filed by today, July 13, 2020.

July 13, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge